AARON D. FORD
  Attorney General
AMY A. PORRAY (Bar No. 9596)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Ave., Suite 3900
Las Vegas, Nevada  89101
(702) 486-3216 (phone)
(702) 486-3773 (fax)
Email: aporray@ag.nv.gov

*Attorneys for Defendants*
*Glen Fowler and Julio Mesa*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CLYDE LEWIS aka LOUIS RANDOLPH, | Case No. 2:19-cv-01729-KJD-DJA |
| Plaintiff, | **DEFENDANTS' MOTION TO EXTEND TIME TO FILE RESPONSE TO FIRST AMENDED COMPLAINT (ECF NO. 11) (FIRST REQUEST)** |
| v. | |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

Defendants, Glen Fowler and Julio Mesa, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Amy A. Porray, Deputy Attorney General, hereby submit this Motion to Extend Time to File a Response to Plaintiff, Clyde Lewis's First Amended Complaint (FAC). ECF No. 11. Fowler and Mesa request an extension of time from the due date of **July 2, 2021**, until **August 2, 2021**, due to Defendants' counsel's serious medical issue that required extended medical leave and ongoing medical treatment and intermittent leave. This is their first request.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants, Glen Fowler and Julio Mesa respectfully request an extension of time to file a response to Plaintiff, Clyde Lewis's FAC. The current due date was **July 2, 2021**. However, in the late-night hours of July 1, 2021/early morning hours of July 2, 2021, Fowler

and Mesa's counsel suffered a serious medical episode that resulted in her going to the emergency room and being on extended medical leave. While on medical leave, she was not permitted to work in any way. Her initial return from leave was in a limited capacity, subject to physical limitations and follow up appointments and testing with medical specialists.[1] Counsel now files the instant motion for an extension of time to file a responsive pleading to the FAC. Based on the circumstances, good cause and fundamental fairness support this untimely request for an extension.

## II.  BACKGROUND

Lewis sues Fowler and Mesa for alleged constitutional violations occurring while he was incarcerated at Southern Desert Correctional Center. ECF No. 11 at 7. Following an unsuccessful Early Mediation Conference, this Court ordered Fowler and Mesa to respond to Lewis's FAC by July 2, 2021. ECF No. 20 at 3.

In the late-night hours of July 1, 2021/early morning hours of July 2, 2021, Fowler and Mesa's counsel suffered a serious medical episode that resulted in her going to the emergency room. She was then placed on extended medical leave and was unable to work in any way. Her initial return to work was in a limited capacity. She was subject to physical restrictions/limitations, as well as medical testing and follow up appointments with medical specialists.

During this period, counsel's team leader (who is also out of the office on paternity leave), was monitoring her calendar to assist with covering case dates and deadlines. Due to a secretarial error, the deadline to respond to the instant FAC was not calendared. Accordingly, counsel's team leader was unable to file a motion for extension of time at the time of counsel's medical episode. Counsel discovered the error in not having filed a response to the FAC when reviewing the status of all cases upon return from medical leave.

---

[1] Also, because of a secretarial error, the deadline to respond to Lewis's FAC was not calendared on counsel's office calendar. Counsel takes full responsibility for this secretarial error and has spoken with staff about this issue. However, because of this error, counsel's team leader was unable to see this deadline and file a timely motion to extend the responsive filing date.

Accordingly, counsel brings the instant motion for extension of time now that the error has been discovered.

### III.  LEGAL DISCUSSION

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan,* 958 F.2d 272, 273 (9th Cir. 1992). Rule 6(b)(1), Federal Rules of Civil Procedure, governs extensions of time:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.*

Counsel's unforeseeable medical emergency, which led to an extended medical absence and a complete inability to work demonstrates good cause. Further, although the deadline has passed, counsel's circumstances show excusable neglect. Counsel takes full responsibility for the calendaring error and has shown her diligence in otherwise managing the case by checking the case status upon return from medical leave. Counsel has otherwise actively and responsibly participated in the instant litigation. Counsel brings this motion in the very best of faith and not for the purposes of delay.

### IV.  CONCLUSION

Fowler and Mesa's motion for an extension of time to file a response to the FAC should be granted due to counsel's serious injury. They request an extension from the

current due date of **July 2, 2021**, to **August 2, 2021**. This motion is brought in good faith and not for the purposes of delay

DATED this 27th day of July, 2021.

          AARON D. FORD
          Attorney General

          By: /s/ Amy A. Porray
            Amy A. Porray (Bar No. 9596)
            Deputy Attorney General
            *Attorneys for Defendants*

**IT IS SO ORDERED** for good cause appearing therein.

DATED: July 28, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on July 27, 2021, I electronically filed the foregoing **DEFENDANTS' MOTION TO EXTEND TIME TO FILE RESPONSE TO FIRST AMENDED COMPLAINT (ECF NO. 11) (FIRST REQUEST),** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically. For those parties not registered service was made by emailing a copy at the addressed to the following:

> Clyde Lewis aka Louis Randolph, #48875
> Southern Desert Correctional Center
> P.O. Box 208
> Indian Springs, NV 89070
> Email: sdcclawlibrary@doc.nv.gov
> *Plaintiff, Pro Se*

/s/ Cathy L. Mackerl
Cathy L. Mackerl, an employee of the
Office of the Nevada Attorney General