UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLYDE LEWIS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES DZURENDA, et al.,<br><br>　　　　　　Defendants. | Case No. 2:19-cv-01729-KJD-DJA<br><br>**ORDER** |

　　　　This is an action arising out of Plaintiff Clyde Lewis' claims that Defendants violated 42 USC § 1983.  Plaintiff is an inmate at the Southern Desert Correctional Center.  After screening Plaintiff's complaint, the Court allowed Plaintiff's claims to proceed against Defendants Julio Mesa, Yesenia Aviles, Javier Ortega, and Glen Fowler.  The Attorney General's office accepted service on behalf of Fowler and Mesa, but not Aviles or Ortega because the two are former employees of the Nevada Department of Corrections.  The Attorney General then filed the last known addresses for Aviles and Ortega under seal (ECF No. 22).  After receiving notice that the Attorney General had filed these addresses under seal (ECF No. 23), Plaintiff filed a letter to the Clerk of Court (ECF No. 28), asking the Clerk to send his USM-285 forms to the U.S. Marshal to process.  Plaintiff explains that he has not yet received confirmation of service to Aviles or Ortega.

**I.　　Discussion.**

　　　　A plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal Service to serve the summons and complaint.  *See* Fed. R. Civ. P. 4(c)(3).  When the Attorney General's office cannot accept service on behalf of certain defendants, it will file those defendants' last known addresses under seal.  The plaintiff must then file a motion identifying those defendants and explaining that the Attorney General filed their addresses under seal.  The plaintiff must also deliver one USM-285 form to the U.S. Marshal Service for each defendant.  The Clerk of Court will then

issue summons to the defendants that plaintiff identified and deliver the items to be served to the U.S. Marshal Service. After serving the defendants, the U.S. Marshal will send a copy of the updated USM-285 form back to the plaintiff, who must then file a notice with the court explaining whether defendants were served. However, courts must liberally construe pro se pleadings. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Here, Plaintiff has filed a letter with this Court, attaching his USM-285 forms and stating that he has not yet received confirmation of service. To clarify, Plaintiff has not received confirmation of service to Aviles or Ortega because they have not yet been served. But rather than requiring Plaintiff to file a separate motion identifying Aviles and Ortega and send the U.S. Marshal Service separate USM-285 forms, the Court liberally construes his letter as accomplishing these steps. Indeed, Plaintiff's letter identifies the two defendants for whom the Attorney General's office could not accept service and references the addresses filed under seal. The letter also attaches completed USM-285 forms.

**IT IS THEREFORE ORDERED** that the Clerk of Court is kindly directed to issue summons to Yesenia Aviles and Javier Ortega and deliver the summons, sealed submission of last known addresses (ECF No. 22), a copy of the complaint (ECF No. 11), and a copy of this Order to the U.S. Marshal Service.

**IT IS FURTHER ORDERED** that the Clerk of Court is also kindly directed to detach the two USM-285 forms that Plaintiff attached to his letter (ECF No. 28) and deliver those to the U.S. Marshal Service.

**IT IS FURTHER ORDERED** that, within twenty-one days after receiving the USM-285 forms back from the U.S. Marshal Service, Plaintiff must file a notice with the Court explaining whether Aviles and Ortega were served. If Plaintiff wishes to have service attempted again on either Aviles and Ortega or another unserved defendant, Plaintiff must file a motion naming the unserved defendant and specifying a more detailed name, address, or other manner of service for that defendant. Under Federal Rule of Civil Procedure 4(m), service must be accomplished within 90 days after the date of this Order.

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required.  Fed.R.Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED: August 11, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE