1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Clyde Lewis aka Louis Randolph,

               Plaintiff,

     v.

James Dzurenda, et al.,

               Defendants.

Case No. 2:19-cv-01729-KJD-DJA

**Order**

12
13
14
15

     Defendants Glen Fowler and Julio Mesa have moved to file an exhibit to their motion for summary judgment under seal.  (ECF No. 36).  Plaintiff did not file a response.  Because the Court finds that Defendants have demonstrated compelling reasons, it grants the motion.  The Court finds these matters properly resolved without a hearing.  LR 78-1.

16
17
18
19
20
21
22
23
24
25
26
27

     A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  A party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as articulated in *Kamakana*. *See Kamakana*, 447 F.3d at 1183.  Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179).  "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097.  However, the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to granting of the motion.  LR 7-2(d).

28

1    Defendants seek to file Exhibit C to their motion for summary judgment under seal

2  because it contains "inmate movement procedures."  (ECF No. 36 at 3).  Defendants explain that

3  the information—showing dates for inmate movement—would undermine the safety and security

4  of the institution if released.  (*Id.*).  Moreover, these documents are not typically placed on the

5  record and Courts "encourage a timeframe because the moving inmates in a prison institution is

6  paramount to safety and security."  (*Id.*).  Defendants also explain that sealing will not prejudice

7  Plaintiff because copies of the exhibits will be mailed to the institution and made available on

8  Plaintiff's request.  (*Id.*).

9    The Court agrees with Defendants that the details of inmate movement are not typically

10  public and could compromise inmate and institution safety.  There is little prejudice to Plaintiff,

11  who can obtain the information on request.  Plaintiff has also not responded to the motion,

12  constituting his consent to the Court granting it.

13

14    **IT IS THEREFORE ORDERED** that Defendants' motion to seal (ECF No. 36) is

15  **granted.**

16

17    DATED: January 24, 2022

18    _____

19    DANIEL J. ALBREGTS
      UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28