# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Clyde Lewis,<br><br>                    Plaintiff,<br><br>      v.<br><br>James Dzurenda, et al.,<br><br>                    Defendants. | Case No. 2:19-cv-01729-KJD-DJA<br><br>**Order** |

    Before the Court are two motions by *pro se* Plaintiff Clyde Lewis, an inmate at the Northern Nevada Correctional Center. The first objects to the Court's Federal Rule of Civil Procedure 4(m) notice of dismissal and requests an extension for service. (ECF No. 47). The second requests an alternative form of service for Defendants Yesenia Aviles and Javier Ortega. (ECF No. 48). The Court finds these matters properly resolved without a hearing. LR 78-1.

    On May 24, 2021, the Attorney General's Office filed the last known addresses of former Nevada Department of Corrections ("NDOC") employees Aviles and Ortega under seal. (ECF No. 22). On August 11, 2021, the Court directed the U.S. Marshals Service ("USMS") to attempt service at these addresses. (ECF No. 29). On September 7, 2021, Plaintiff filed the unexecuted process receipts and returns for Ortega and Aviles. (ECF No. 32). The return for Aviles explained that the USMS had attempted personal service three times at the address provided by NDOC, but there was no answer each time. (*Id.* at 1). The return for Ortega explained that the USMS had attempted personal service at the address provided, but there was no answer. (*Id.* at 4). The USMS left a note on the door and on the vehicle at the residence, but the current resident called and reported that Ortega did not live there. (*Id.*).

On February 15, 2022, the Clerk's Office issued Plaintiff a letter stating that Plaintiff's claims could be dismissed if he did not provide a proof of service for Ortega[1] and Aviles[2] by March 17, 2022 under Federal Rule of Civil Procedure 4(m). (ECF No. 45). Plaintiff filed his opposition to the notice on March 16, 2021. (ECF No. 47). Plaintiff moved to extend the time for service and asked the Court to order the USMS to find the Defendants. (*Id.* at 1-3). Plaintiff asserts that "the U.S. Marshals are more than capable with their capabilities and technologies to find anybody in the world." (*Id.*).

Plaintiff then moved for service by the USMS. (ECF No. 48). He asks the Court to order the USMS "to find the above defendant[]s, anywhere in the U.S. of America, as its resources are unlimited." (*Id.* at 4). Alternatively, he asks that the Court disclose Aviles and Ortega's last known addresses and "other information"—including their social security numbers—"so that Plaintiff's friends could locate/find these Defendants on the internet…" (*Id.* at 5).

The Court denies both motions. While inmates proceeding *in forma pauperis* under 28 U.S.C. § 1915(d) are entitled to rely on the USMS for the service of process, that entitlement is not unfettered. *See* Fed. R. Civ. P. 4(c)(3). Plaintiff cannot employ the USMS as a private investigatory agency. Nor does the Court find the USMS's attempts at personally delivering a copy of the summons and the complaint to have been inadequate just because they were unsuccessful. *See* Fed. R. Civ. P. 4(e)(2)(A). Additionally, the Court cannot provide Plaintiff with Defendants' private information, and denies his request.

The Court, however, grants Plaintiff's request to extend time to serve Ortega and Aviles. Rule 4(m) permits the district court to grant an extension even in the absence of good cause. *Hilford v. Rowley*, No. 3:12-cv-00329-MMD-WGC, 2013 WL 23192621, at *3 (D. Nev. May 24, 2013). Plaintiff's reasoning for needing additional time is that he has been unable to locate Ortega and Aviles. While this is tenuous good cause, the Court will grant Plaintiff another thirty

---

[1] Javier Ortega is alternatively referred to as "J. Ortega."

[2] Yesenia Aviles is alternatively referred to as "Jesenia Aviles."

days to attempt service to the extent he believes he can assert additional information regarding serving these defendants or specify another manner of service for them.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend time (ECF No. 47) is **granted in part** only to give Plaintiff another thirty days from the date of this order to attempt service on Ortega and Aviles. The deadline by which Plaintiff must accomplish service on Ortega and Aviles is **Monday, June 13, 2022**. His motion (ECF No. 47) is **denied in part** regarding all his other requests.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service by the USMS (ECF No. 48) is **denied.**

DATED: May 12, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE