UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLYDE LEWIS aka LOUIS RANDOLPH,<br><br>                                 Plaintiff,<br>     v.<br>JAMES DZURENDA, *et al.*,<br>                                 Defendants. | Case No. 2:19-cv-01729-KJD-DJA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME** |

    Before the Court is Plaintiff's Motion for Extension of Time to File Opposition to Defendant's Motion for Summary Judgment Exhibit C Under Seal (ECF #41). Defendants responded in opposition (ECF #42) and Plaintiff replied (ECF #44).

    I.     <u>Factual and Procedural Background</u>

    Plaintiff Clyde Lewis ("Lewis") filed this action on October 3, 2019. (ECF #1). The magistrate judge screened the *pro se* complaint and dismissed it in its entirety, with leave to amend. (ECF #4). Lewis filed the operative complaint on December 23, 2020. (ECF #11). Defendants filed their motion for summary judgment on September 22, 2021. (ECF #35). With the motion, Defendants filed a motion to seal one of their summary judgment exhibits. (ECF #36). Lewis was then ordered to file his response to the motion to seal by December 10, 2021. (ECF #40). That same day, the law librarian at High Desert State Prison was ordered not to serve Plaintiff a copy of Defendants' motion for summary judgment until the motion to seal had been ruled upon. <u>Id.</u> On December 14, 2021, instead of responding to the motion to seal, Lewis filed the instant motion for extension of time to file a response. (ECF #41). Lewis argues that he needed an additional 60 days to "familiarize himself with the legal standards of his case." (ECF #41, at 2). Lewis also argues that without the assistance of counsel, "acquiring evidence, potential witnesses and declarations, as well as, conducting investigative work—would be an

impossible task for the plaintiff." Id. Defendants argue that responding to the motion to seal would not require evidence, witnesses, or investigative work and that Lewis had all he needed to respond.

## II.    Analysis

When an act must be done in a specified time, the Court may "for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P 6(b)(1)(B). Lewis has made no attempt to explain why he failed to file a timely response. Lewis admits that he received copies of the motion to seal and the notice of under seal submission on December 3, 2020, the day after they were filed. This gave Lewis one week to file his response or file a motion for extension. Instead, Lewis waited until after the deadline passed, and then, without explanation as to why, filed a motion for extension of time. The Court agrees with Defendants that Lewis did not need to conduct interviews or factual investigations to respond to the motion. Because Lewis failed to show excusable neglect, the Court denies his motion.

The Court also finds that Defendants' motion to seal should be granted. The Court starts with "a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal documents on the record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz, 331 F.3d at 1135). The party must "articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. at 1178–79 (internal quotations and alterations omitted).

The sealed exhibit "contains sensitive information regarding the Southern Desert Correctional Center's inmate movement procedures." (ECF #36, at 3). Such procedures are followed to ensure the safety and security of the institution, the inmates, and the staff. Their publication could jeopardize those goals. "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files

might have become a vehicle for improper purposes." Id. at 1179 (quoting Nixon v. Warner Comms., Inc., 435 U.S. 1306, 598 (1978)). The Court reviewed the exhibit and finds that such reasons exist here and outweigh the public's interest in disclosure. Any use of the specifics regarding the inmate movement policy could lead to problems within the facility. Maintaining the safety of the institution, inmates, and staff is a compelling reason to seal. As such, Defendants' motion to seal is granted.

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Extension of Time (ECF #41) is **DENIED**.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Motion for Summary Judgment Exhibit C Under Seal (ECF #36) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff be served a copy of Defendants' Motion for Summary Judgment (ECF #35) immediately.

IT IS FINALLY ORDERED that Plaintiff will have 21 days from the date of this order to file his response to Defendants' Motion for Summary Judgment (ECF #35).

Dated this 25th day of May, 2022.

Kent J. Dawson
United States District Judge