UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Clyde Lewis aka Louis Randolph,<br><br>Plaintiff,<br><br>v.<br><br>James Dzurenda, et al.,<br><br>Defendants. | Case No. 2:19-cv-01729-KJD-DJA<br><br>Order |

Before the Court are *pro se* Plaintiff Clyde Lewis' motions for sanctions (ECF No. 59) and to have all information forwarded to the U.S. Marshals Service (USMS) to expedite service (ECF No. 52). Because the Court finds that both motions are without merit, it denies them. The Court finds these matters properly resolved without a hearing. LR 78-1.

### *A.  The Court denies Plaintiff's motion for sanctions.*

Plaintiffs' motion for sanctions is filed along with his reply in support of his motion to compel Defendants to serve him with a copy of their summary judgment motion (ECF No. 51) and response to Defendants' countermotion for sanctions (ECF No. 54). However, the Honorable District Judge Kent J. Dawson has already ruled on both of those motions. (ECF No. 56). The Court thus does not address the arguments Plaintiff makes in support of his motion or in opposition to Defendants' motion.

The Court also notes that Plaintiff's motion for sanctions is based on the same premise as his prior motion to compel. Plaintiff again asserts that Defendants never served him with their motion for summary judgment. *Compare* (ECF No. 59) *with* (ECF No. 51). However, Judge Dawson already ruled on that issue too, explaining that Defendants' "sworn statement from Lieutenant Correctional Officer Chris Sawin that he personally handed Plaintiff a copy of the

motion [for summary judgment]…[was] more persuasive and reliable than Plaintiff's motion…." (ECF No. 56).

Plaintiff now moves for sanctions, asserting that he never received the motion for summary judgment, only the exhibits. (ECF No. 59). Defendants respond that they did serve Plaintiff with the motion for summary judgment and, to prove it, attach a letter that Plaintiff signed when receiving the documents to confirm receipt. (ECF No. 62-1). Plaintiff replies that Defendants conspired with Lt. Sawin to make it look like Plaintiff received the motion. (ECF No. 64).

The Court denies Plaintiff's motion for sanctions because he has not shown that Defendants have done anything sanctionable. While Plaintiff asserts he did not receive the motion for summary judgment, Defendants have provided evidence that he has. And the Court has already found Plaintiff's arguments on this point unpersuasive. The Court thus denies Plaintiff's motion for sanctions. In an abundance of caution, the Court directs the Clerk's office to mail Plaintiff a copy of the motion for summary judgment, but not its exhibits, which Plaintiff claims to already have. (ECF No. 59 at 7).

### B. The Court denies Plaintiff's motion requesting information to be forwarded to the USMS.

Plaintiff moves for the Court to order the Nevada Department of Corrections and the Attorney General's office to provide the USMS with all the information they have about Defendants Yesenia Aviles and Javier Ortega so that the USMS can find and serve these defendants. (ECF No. 52). Defendants respond that the USMS already attempted service at Aviles and Ortega's last known addresses, but that service was unsuccessful. (ECF No. 55). Defendants point out that the Court has already given Plaintiff extensions of time to serve Aviles and Ortega, but that Plaintiff has failed to provide more information which would help the USMS serve them. (*Id.* at 1-2). They add that Plaintiff has improperly waited until right before the service deadline but has not shown good cause for the delay. (*Id.* at 3). Plaintiff did not file a reply.

The Court denies Plaintiff's motion. It has previously denied Plaintiff's similar motion asking the Court to order the USMS to find the Defendants for him. (ECF No 49). As the Court mentioned before, the USMS is not a private investigatory agency. (*Id.*). And even if the Nevada Department of Corrections and Attorney General's office provided the USMS with all the information they have about Aviles and Ortega, the USMS is not obligated to track the defendants down using this information. The Court thus denies Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for sanctions (ECF No. 59) is **denied.** The Clerk of Court is kindly directed to mail Defendant's motion for summary judgment (ECF No. 35)—but not its attached exhibits—to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's motion requesting all information to be forwarded to the USMS (ECF No. 52) is **denied.**

DATED: August 8, 2022

---
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE