UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLYDE LEWIS,<br><br>          Plaintiff,<br><br> v.<br><br>JAMES DZURENDA, et al.,<br><br>          Defendants. | Case No. 2:19-cv-01729-KJD-DJA<br><br>ORDER |

   Presently, before the Court is Plaintiff's Motion for Partial Default Judgment (#33) and Motion for Default Judgment (#65). Defendants filed a response to the second Motion for Default Judgment, (#67) to which Plaintiff replied. (#68).

   I.   <u>Factual and Procedural History</u>

   Plaintiff Clyde Lewis ("Lewis") filed the present Complaint pursuant to 42 U.S.C. § 1983. After the mandatory screening process under the Prison Litigation Reform Act, the Court permitted the following claims to survive: (1) Claim 1 allegations of free exercise of religion, equal protection, and RLUIPA violations against Defendant Correction Officer (C/O) Mesa; (2) Claim 2 allegations of retaliation against Defendant Aviles; (3) Claim 3 allegations of retaliation and Fourteenth Amendment due process for disciplinary segregation violations against Defendant Ortega; (4) Claim 4 allegations of Fourteenth Amendment due process violations for disciplinary segregation against Defendant Sergeant (Sgt.) Fowler. (#13).

   On May 24, 2021, the Government filed the last known addresses of the former employees, Aviles and Ortega. (#22). Lewis then attempted service through the U.S. Marshall Service ("USMS") on Aviles and Ortega but they were unable to be located. (#28). In August 2021, USMS attempted service on Aviles three separate times but each time there was no answer at the address. <u>Id.</u> USMS also attempted service on Ortega, but they were alerted by the current

resident that Ortega did not live at the address USMS had on file. Id. On September 22, 2021, Lewis filed his first Motion for Partial Default Judgment (#33), asking the Court to enter a default order for Defendants Yesenia Aviles ("Aviles") and Javier Ortega ("Ortega"). Id. On February 15, 2022, the Clerk of the Court gave notice to Lewis that without proof of service the complaint against Aviles and Ortega could be dismissed without prejudice. (#45). After multiple extensions were given to Lewis to attempt service, on June 7, 2022, Lewis filed a Motion requesting that the Court order the Nevada Department of Corrections and the Attorney General's office to provide the USMS with all the information they had about Aviles and Ortega so that they could be located. (#52). The Court denied the Motion. (#69).

On July 15, 2022, Lewis filed a separate Motion for Default Judgment (#67), asking the Court to enter judgment against Sgt. Glen Fowler ("Fowler") and Correctional Officer ("C/O") Mesa, to which the Government responded, and Lewis replied.

II.   Analysis

Federal Rule of Civil Procedure ("Rule") 55(a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 4(c)(3) provides, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the Court." Rule 4(m) also provides, in part, "… [i]f a defendant is not served within 90 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period[.]"

Lewis has made repeated requests to the Court to order the USMS to act as his own private investigative agency and use all available resources to locate Aviles and Ortega. The USMS is not obligated to do so. Further, because Aviles and Ortega have not been served, the Court cannot grant a default motion against them. Therefore, Lewis's Motion for Partial Default Judgment is denied, and the claims against them are dismissed without prejudice for failure to

serve the summons and complaint in compliance with Rule 4(m).

Lewis' second Motion for Default Judgment concerns Sgt. Fowler and C/O Mesa, who have been properly served. Lewis asserts that no answer or other defense was filed by them, which compels an entry of default. However, Defendants Fowler and Mesa filed an answer on August 2, 2021. (#26). Therefore, the Court denies the motion for default judgment.

III.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Default Judgment (#33) is **DENIED;**

**IT IS FURTHER ORDERED that** the claims against Defendants Aviles and Ortega are **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (#65) is **DENIED.**

DATED this 22 day of September, 2022.

Kent J. Dawson
United States District Judge